IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SAM BALABON, et al. | § | |
| | § | |
| V. | § | NO. 1:17-CV-486-LY |
| | § | |
| RICHARD KETCHUM, et al. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before this Court are Defendants' Motion to Dismiss (Dkt. No. 11) and Plaintiffs' Response (Dkt. No. 12). The District Court referred the above motion to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

## I. GENERAL BACKGROUND

Plaintiff Sam Balabon brought suit on behalf of himself and his two companies, Spot Quote Holdings, Inc. (Spot Holdings) and Spot Quote LLC (Spot LLC), against the Financial Industry Regulatory Authority, Inc. and its employees, Richard Ketchum and Erin Vocke (collectively FINRA).

The Securities Exchange Act of 1934 requires that "persons who wish to use any instrumentality of interstate commerce to transact in securities must join an association of brokers and dealers registered as a national securities association." *See Turbeville v. Fin. Indus. Regulatory Auth.*, 874 F.3d 1268, 1270 (11th Cir. 2017) (citing 15 U.S.C. § 78o(a)(1), (b)(1)). FINRA, a private, non-profit Delaware corporation, is one of these national securities associations, and is required to establish membership and conduct rules. *Id.* In addition, FINRA is given the power to

"levy sanctions that carry the force of law" on those members that violate the association's rules. *Id.* (citing 15 U.S.C. § 78o-3(b)(7)). This disciplinary process is governed by its Code of Procedure, which was approved by the Securities Exchange Commission (SEC). *Id.* at 1271.

Here, Balabon alleges that his company Spot LLC obtained its broker-dealer and alternative trading system licenses in 2006. However, Spot LLC never conducted any business, as it was unable to raise the necessary capital. In 2012, Balabon alleges that he argued—for unstated reasons—with the Dallas office District Director, and felt threatened by the argument; he then complained to the CEO about this treatment. Balabon claims that the District Director thereafter "set out to punish" him. Dkt. No. 9 at 48. FINRA began an investigation of Spot LLC in 2013, which included "interrogat[ing]" Balabon. *Id.* at 49. At this point, FINRA also began asking questions about Spot Holdings—which was not a member of FINRA. After the investigation, FINRA informed Balabon that he was not permitted to sell Spot Holdings securities directly to investors, and must instead sell them through Spot LLC—a FINRA member. Then again in 2016—after Spot LLC allegedly was approved to sell private placements—Balabon was reminded that he was required to sell Spot Holdings securities through Spot LLC. Balabon contends that this order is illegal, as "[t]here is no FINRA Rule that permits FINRA to interfere with the corporate matters of affiliated companies of broker-dealers." *Id.* at 59. He therefore brought suit.

Balabon asserts three causes of action against the defendants. First, he alleges that FINRA discriminated against him by assessing fines based on his company's financial information, as opposed to uniform fines. Next, Balabon contends that FINRA tortiously interfered with his business by ordering that Spot Holdings—which is not a member of FINRA—could only distribute stocks through a FINRA-member company. He claims that this requirement is a fake regulation, and

thus, enforcement is illegal. Finally, Balabon asserts that FINRA tortiously interfered with his business by ordering a third party to cancel a clearing agreement with Spot Holdings on the basis of the allegedly fake regulation.

FINRA moves to dismiss this suit arguing that: (1) Balabon he failed to exhaust his administrative remedies prior to filing suit, (2) FINRA and its employees are entitled to absolute immunity, and (3) Balabon cannot assert a private cause of action for violations of FINRA rules.

## II. ANALYSIS

Balabon's claims should be dismissed for failure to exhaust his administrative remedies. A party may not seek judicial relief from administrative action unless he has exhausted his administrative remedies prior to suit. *See Santos-Buch v. Fin. Indus. Regulatory Auth., Inc.*, 591 F. App'x 32, 33 (2d Cir. 2015) ("The doctrine of exhaustion requires a would-be plaintiff to seek available administrative remedies before seeking judicial relief 'in cases where the relevant statute provides that certain administrative procedures shall be exclusive.'") (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)). 15 U.S.C. § 78y sets forth the procedure by which a person may obtain review of actions taken by a national securities association, and provides that "[a] person aggrieved by a final order of the [SEC] pursuant to this chapter may obtain review of the order in the United States Court of Appeals" by filing a petition for review. Further, "[n]o objection to an order or rule of the Commission, for which review is sought under this section, may be considered unless it was urged before the Commission." *Id.* § 78y(c)(1).

Thus, unless Balabon has prosecuted his claims through the available administrative procedures, he is not permitted to file suit in federal court challenging FINRA's actions. *Santos-Buch*, 591 F. App'x at 33; *see also Wilbanks Secs., Inc. v. Fin. Indus. Regulatory Auth.*, 2017 WL

1957058, at *3 (W.D. Okla. May 10, 2017) ("[F]ederal courts have consistently held that the Exchange Act's exclusive review requirements deprive district courts of subject matter jurisdiction outside of the statutorily mandated review process."); *Empire Fin. Grp., Inc. v. Fin. Indus. Regulatory Auth., Inc.*, 2009 WL 10644856, at *8 (S.D. Fla. Jan. 15, 2009) ("Because [Plaintiff] has made no attempt to challenge FINRA's conduct through the appropriate administrative means, it is inappropriate to address [Plaintiff's] claims judicially."); *Charles Schwab & Co., Inc. v. Fin. Indus. Regulatory Auth., Inc.*, 861 F. Supp. 2d 1063, 1079 (N.D. Cal. 2012) (finding that the plaintiff's claims should be dismissed for failure to exhaust because "far from being merely peripheral to the disciplinary action, challenge the interpretation of the FINRA Rule whose alleged violation is at its very basis"). Here, Balabon does not allege that he has exhausted his administrative remedies. In fact, he solely argues that "FINRA is not government" and that it should be "closed." Dkt. No. 12. Nothing in his response addresses FINRA's argument that he failed to exhaust his administrative remedies; nor does his Complaint provide any information on this front.

Moreover, Balabon does not assert that his claims should fall into one of the exceptions to the exhaustion doctrine, namely that the case involves a "substantial constitutional issue" or that judicial review is required to "prevent irreparable injury." *See, e.g.*, *Santos-Buch*, 591 F. App'x at 33 ("Exhaustion is not required, however, when an agency lacks the power to grant effective relief, including when the agency would be called upon to resolve a substantial constitutional issue.") (citing *McCarthy v. Madigan*, 503 U.S. 140, 147 (1992)); *Wilbanks Secs.*, 2017 WL 1957058, at *4 ("Of course, the exception to this doctrine is where the petitioner shows the available administrative procedure is clearly inadequate to prevent irreparable injury.") (citing *PennMont Secs. v. Frucher*, 586 F.3d 242, 246 (3d Cir. 2009)). Even were he to do so, his claims would fail. First, he does not

4

allege a substantial constitutional issue. Though Balabon attempts to claim that FINRA itself is unconstitutional and should be "closed" (Dkt. No. 12 at 2-3), each of his claims involve FINRA's application of an allegedly "illegal" rule. *See* Dkt. No. 1 at 2-6. Specifically, Balabon argues that (1) the fee schedule set by FINRA rules is illegal, and (2) that the rule regulating which companies may distribute securities is "made-up." Allegations that the rules are illegal or "made-up" are not Constitutional challenges, but instead are challenges to FINRA's authority to take such actions, exactly the sort of claims the exhaustion doctrine is intended to prohibit. *See Wilbanks Secs.*, 2017 WL 1957058, at *4 ("The Court will not permit [Plaintiff] to dress up its challenge to the Net Capital Rule as a constitutional issue."). Similarly, mere "claims of corporate financial collapse cannot satisfy the irreparable harm exception, given that financial harm can occur in many, if not most, disciplinary hearings of securities traders." *Id.* (quoting *PennMont Secs.*, 586 F.3d at 246). Thus, Balabon's claims that FINRA detrimentally affected his companies' ability to reach their potential value are insufficient to support a finding of irreparable injury. As such, Balabon has failed to exhaust his administrative remedies prior to filing suit, and his claims should be dismissed.[1]

### III. RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss (Dkt. No. 11).

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

---

[1] As the Court recommends dismissal on the basis of Balabon's failure to exhaust, it need not address FINRA's separate arguments in support of dismissal

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of February, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE